**Howard E. PFEIFER**

**v.**

**JONES & LAUGHLIN STEEL CORPORATION, owner or owner pro hac vice of Barges 1011, 1384, 1400, 1363, and others in a fleet, Appellant.**

**No. 81–1928.**

United States Court of Appeals, Third Circuit.

Aug. 1, 1983.

Robert W. Murdoch, Jones, Gregg, Creehan & Gerace, Pittsburgh, Pa., for appellant.

Jerome M. Libenson, Baskin & Sears, P.C., Pittsburgh, Pa., for appellee.

Before ALDISERT, GARTH and VAN DUSEN, Circuit Judges.

PER CURIAM.

In *Pfeifer v. Jones & Laughlin Steel Corp.*, 678 F.2d 453 (3d Cir.1982), we affirmed the judgment of the district court, determining that the district court did not err. in allowing a longshoreman proceeding

under § 5(b) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 905(b), to sue his employer as owner *pro hac vice* of the vessel upon which the longshoreman was injured, or in applying in its damages calculations the "total offset method" of *Kaczkowski v. Bolubasz,* 491 Pa. 561, 421 A.2d 1027 (1980). Jones & Laughlin petitioned the Supreme Court for review, and the Court granted the petition for writ of *certiorari.* —— U.S. ——, 103 S.Ct. 50, 74 L.Ed.2d 57 (1982).

On June 15, 1983, the Supreme Court held that the district court erred in considering itself bound by *Kaczkowski,* vacated our judgment, and remanded. *Jones & Laughlin Steel Corp. v. Pfeifer,* —— U.S. ——, 103 S.Ct. 2541, 76 L.Ed.2d 768 (1983).

The judgment of the district court will be vacated and the cause remanded to the district court for further proceedings consistent with the opinion of the Supreme Court.